UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OGECHI EKE,
    Plaintiff,

v.                                                        CIVIL ACTION NO. 13-11098-GAO

WORK, INC., ET AL.,
    Defendants

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

### BACKGROUND

On May 2, 2013, Plaintiff Ogechi Eke ("Eke") filed a Complaint against Work Inc. and its employees for violations of Fair Labor Standards and sexual harassment in employment.

On June 24, 2013, this Court issued a Memorandum and Order (Docket No. 4) dismissing Dr. Phillip Ofume as a party to this action. This Court also denied his request to intervene, as well as his request for his company, Limpt, Inc. to intervene. Additionally, the Memorandum and Order outlined the legal impediments to Eke's claims, including the failure to set forth plausible claims in compliance with Rule 8 of the Federal Rules of Civil Procedure, the failure to exhaust administrative remedies under Title VII, the failure to state plausible Title VII claims against individual co-workers because there is no individual liability under Title VII, and the failure to set forth plausible federal civil rights claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) because Title VII is the exclusive means to challenge discrimination in employment.

Eke was directed to file a Show Cause Response within 35 days demonstrating why this action should not be dismissed, and also to file an Amended Complaint curing the pleading deficiencies. Further, Eke was directed to submit a copy of her "right-to-sue" letter from the EEOC if she had obtained such a letter.

Eke's Show Cause Response and Amended Complaint were due on July 29, 2013; however, no response was timely filed. A week later, on August 6, 2013, Eke filed a document entitled "Amended Notice of Petition for Review from the Final Administrative Decision of the Work, Inc., President & CEO Mr. James Cassetta and The Hon. Secretary of Justice and Attorney-General of the Commonwealth of Massachusetts, Martha Coakley Seeking Reversal of the Decisions Appealed" (Docket No. 6) ("Amended Complaint"). That document purports to amend the Complaint and to show cause.

The Amended Complaint is not set forth in any organized or intelligible fashion. Essentially, however, Eke simply iterates and expands on her claims of discrimination and sexual harassment in the workplace. She contends she complained to senior staff at Work, Inc., and to the Attorney General, all to no avail.

Notably, in the Amended Complaint, Eke omits Phillip Ofume as a party or intervenor from this action in the caption; however, in the body of the pleading, there is an allegation that Phillip Ofume and Limpt, Inc. still seek to be to intervene to advocate for Eke's rights. The document indicates, falsely, that "[t]his Motion was allowed below and the intervenors have been parties to this case." Amended Petition (Docket No. 6 at 4, ¶ 4). In fact, the reverse is true; this Court denied permission to proceed as a party and to proceed as an intervenor. No explanation for this representation is provided and it appears that this Court's rulings in the Memorandum and Order were ignored completely. See Memorandum and Order (Docket No. 4 at 4-6).

Next, Eke lists a number of individual employees of Work, Inc. and alleges that they were directly and vicariously liable for their role in the alleged workplace discrimination and

harassment. She asserts claims under the Fifth and Fourteenth Amendments (presumably pursuant to Bivens or 42 U.S.C. § 1983),[1] as well as state fair employment and civil rights statutes. In the body of the Amended Complaint, Eke cites to case law involving hostile work environment and sexual harassment under Title VII.

As relief, Eke seeks a written apology, a reversal of libel and slander resulting in a claim of fraudulent practices by Eke, and reinstatement of her employment, along with monetary compensation.

DISCUSSION

Eke's purported Amended Complaint (and Show Cause Response) does not address the legal impediments previously noted by this Court in the Memorandum and Order (Docket No. 4). Specifically, Eke does not set forth her claims in accordance with Rule 8, and it would be unfair to the Defendants to cull through the incoherent allegations in order to file a response. Additionally, Eke does she state that she has exhausted her administrative remedies with the EEOC and obtained a right-to-sue letter, as required. Moreover, she fails to show cause why her constitutional claims should not be dismissed because Title VII is the exclusive remedy to assert discrimination and hostile work environment claims. She also has not shown cause why individual employees of Work, Inc. may be held liable for adverse employment actions.

Next, apart from the fact that Title VII governs the field, Eke fails to state plausible civil

---

[1]Section 1983 of Title 42 creates a cause of action for persons who are denied a federally protected right by a person acting under color of state law. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). "Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" Felton v. Lincoln, 429 F. Supp. 2d 226, 238 (D. Mass. 2006) (quoting Graham v. Connor, 490 U.S. 386, 393-94 (1989)). Bivens is the counterpart to § 1983 for alleged violations by a person acting under federal law.

rights claims against Work, Inc. or the individual Defendants under either Bivens or § 1983, because there is no governmental (state or federal) action presented under these circumstances. Further, in light of all of the above, it appears to this Court that there was not a good faith effort to comply with the Court's directives.

Finally, to the extent that Eke asserts claims under Massachusetts law and not federal law, this Court declines to exercise supplemental jurisdiction over those claims.

In sum, this Court finds that Eke's proposed Amended Complaint and Show Cause response is insufficient to permit this action to proceed, and no further opportunity to amend or show cause is necessary.

Accordingly, this case will be DISMISSED *sua sponte* in its entirety for failure to comply with the Court's directives as contained in the Memorandum and Order (Docket No. 4) and for all of the substantive reasons discussed therein.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED in its entirety.

SO ORDERED.

  October 2, 2013                             /s/ George A. O'Toole, Jr.
DATE                                          GEORGE A. O'TOOLE, JR.
                                              UNITED STATES DISTRICT JUDGE